IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SIMUELL MADDEN,

           Plaintiff,

    v.                      CASE NO. 06-3279-SAC

LeROY GREEN,
et al.,

           Defendants.

## O R D E R

    This is a civil rights complaint was filed pursuant to 42 U.S.C. 1983 by an inmate at the Wyandotte County Detention Center, Kansas City, Kansas (WCDC). Plaintiff has also filed a motion to proceed without prepayment of fees (Doc. 2).

    Plaintiff sues the Sheriff of Wyandotte County and the WCDC Administrator for alleged violation of his First Amendment right to practice his religion. In support, plaintiff alleges he was denied the right to practice the religious fast Ramadan in his Islamic faith, which he has practiced for 20 years, even after the chaplain apologized for confusion and placed his name on the fast list. He further alleges defendants have shown racial hatred, and deliberately did not place his name on the callout for the fast.

    Plaintiff alleges he has sought administrative relief, and filed grievances to the Mayor, the Sheriff, the Administrator, and Classification, who responded they did not know Mr. Madden wanted to be on the fast list. Plaintiff seeks $10,000 for pain, suffering, and emotional stress while trying to get on the religious fast list; as well as for $10,000 for every day he missed of the worship of Ramadan.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff has not sufficiently pled exhaustion of administrative remedies in his complaint. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. Plaintiff must show that he has followed all available steps in the administrative process at the institution where he is confined. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison or detention

2

facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice.  In addition, he must have referred to the named defendants and described their allegedly wrongful actions in those grievances.  Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses.  If plaintiff fails to adequately show exhaustion, the complaint is subject to being dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to show that he has fully and totally exhausted administrative remedies on his claims in accord with the foregoing Order.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge