```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

SIMUELL MADDEN,

                Plaintiff,

       v.                     CASE NO.  06-3279-SAC

LeROY GREEN,
et al.,

                Defendants.

### O R D E R

This civil rights complaint was filed pursuant to 42 U.S.C. 1983 by an inmate at the Wyandotte County Detention Center, Kansas City, Kansas (WCDC), together with a motion to proceed without prepayment of fees (Doc. 2). Plaintiff sues the Sheriff of Wyandotte County, the WCDC Administrator, and the Mayor of Wyandotte County for alleged violation of his First Amendment right to exercise his religion while at the WCDC. In support, plaintiff alleges he was denied the right to practice the religious fast Ramadan in his Islamic faith, which he has practiced for 20 years, even after the chaplain at the jail apologized for confusion and placed his name on the fast list. He further alleges defendants have shown racial hatred, and deliberately did not place his name on the callout for the fast.

Plaintiff seeks $10,000 for pain, suffering, and emotional stress while trying to get on the religious fast list; as well as $10,000 for every day he missed of the worship of Ramadan.

On initial screening, the court found plaintiff had not sufficiently pled exhaustion of administrative remedies in his complaint, citing 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."); Booth v. Churner, 531 U.S. 956 (2001); Porter v. Nussle, 534 U.S. 516, 520 (2002); and Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004).  Plaintiff was given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses.  He was advised that if he failed to adequately show exhaustion, the complaint was subject to being dismissed, without prejudice.

Plaintiff filed a Response to the court's Memorandum and Order, and again claimed he had fully exhausted.  Thereafter, the United States Supreme Court decided Jones v. Bock,__ U.S. __, 2007 WL 135890 (Jan. 22, 2007).  Jones abrogated Steele and held that an inmate's failure to exhaust under 42 U.S.C. 1997e(a) is an affirmative defense, i.e., "the inmate is not required to specially plead or demonstrate exhaustion in his complaint."  Accordingly, this action may not be dismissed by the court during the screening process for failure to adequately plead or demonstrate exhaustion.

However, the court finds that this action should be

dismissed against defendant Joe Reardon, Mayor, whose personal participation in the denial of plaintiff's First Amendment rights is not sufficiently alleged.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Wyandotte County Detention Center. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted[1].

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied against defendant Joe Reardon, Mayor.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to

---

[1] Plaintiff is reminded that pursuant to 28 U.S.C. 1915(b)(1), he remains obligated to pay the full $350 filing fee in this civil action. The granting of leave to proceed in forma pauperis merely entitles plaintiff to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Plaintiff has outstanding fee obligations in Case Nos. 00-3921, 02-3023 and 02-3121, and collection action in this case shall begin upon plaintiff's satisfaction of those prior obligations. The Finance Office of the Facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) Officials responsible for the operation of the Wyandotte County Detention Center are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to officials of Wyandotte County to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge